IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-31109
Summary Calendar
_____


DERRICK ROSS RUNGE

Plaintiff - Appellant

v.

JOSEPH L. WAITZ, JR, Terrebonne Parish District Attorney,
individually and in his official capacity as District
Attorney for the 32nd Judicial District Attorney, in and for
the Parish of Terrebonne, State of Louisiana; JERRY
LARPENTER, Terrebonne Parish Sheriff, individually and in his
capacity as Sheriff of Terrebonne Parish, State of Louisiana,

Defendants - Appellees

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 00-CV-1967-F
--------------------
April 22, 2002

Before KING, Chief Judge, and DAVIS and EMILIO M. GARZA, Circuit
Judges.

PER CURIAM:[*]

Derrick Ross Runge appeals the district court's summary-
judgment dismissal of his 42 U.S.C. § 1983 civil rights action
against Terrebonne Parish District Attorney Joseph L. Waitz, Jr.,
and Terrebonne Parish Sheriff Jerry Larpenter.  Runge contends

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

that the district court erred in determining that there was no evidence that his wrongful arrest and detention resulted from a custom or policy adopted by District Attorney Waitz and Sheriff Larpenter and that Sheriff Larpenter was not vicariously liable for the failure of his subordinates to ensure that Runge was not wrongfully arrested and detained.  Runge has failed to assert on appeal, and has thereby abandoned, any challenge to the district court's summary-judgment dismissal of his individual-capacity claim against District Attorney Waitz.  See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

The district court did not err in granting Sheriff Larpenter summary judgment on Runge's individual-capacity claim.  Runge does not assert that his constitutional injury was caused by Sheriff Larpenter's failure to supervise or train his subordinates.  See Smith v. Brenoettsy, 158 F.3d 908, 911-12 (5th Cir. 1998).  To the extent that Runge asserts that his constitutional injury resulted from Sheriff Larpenter's own omission in failing to check Runge's disposition sheet, Runge has failed to allege that that omission constituted deliberate indifference.  See Alton v. Texas A&M Univ., 168 F.3d 196, 200 (5th Cir. 1999); Brown v. Bryan County, OK, 219 F.3d 450, 457 (5th Cir. 2000), cert. denied, 532 U.S. 1007 (2001).

The district court also did not err in granting Sheriff Larpenter summary judgment on Runge's official-capacity claim. There is no evidence supporting Runge's assertion that the policy

of the Sheriff's Office is for an employee of that office to determine if a person arrested on an attachment for failure to pay fines and costs is brought to court or is made to remain in jail.  Rather, the record clearly establishes that it is the judge who issued the attachment who decides whether the person receives a court appearance and that the Sheriff's Office employee simply complies with the judge's order.  Runge has therefore failed to demonstrate the existence of an official policy of the Sheriff's Office that was the moving force behind his alleged constitutional injury.  See Piotrowski v. City of Houston, 237 F.3d 567, 578 (5th Cir.), cert. denied, 122 S. Ct. 53 (2001).

Finally, the district court did not err in granting District Attorney Waitz summary judgment on Runge's official-capacity claim.  Since Runge did not raise in the district court his argument that an official policy or custom of the District Attorney's Office caused his constitutional injury, that argument should not be considered for the first time in this appeal.  See id. at 578; Topalian v. Ehrman, 954 F.2d 1125, 1132 n.10 (5th Cir. 1992).  The judgment of the district court is AFFIRMED.